UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JWS SAMUEL, LLC, d/b/a PARADISE
INTERNET & SWEEPSTAKES, H&W
ENTERPRISES, INC., d/b/a H&W
PARADISE CO. d/b/a FIVE STAR
INTERNET & SWEEPSTAKES,
BAYSTAR MULTIMEDIA, LLC d/b/a
HAPPY MOUSE INTERNET CAFÉ &
SWEEPSTAKES, and BUCKEYE
TELECOM, LLC, d/b/a THE LUCKY
PALMS,

                  Plaintiffs,

v.                                             Case No.: 8:11-cv-02803-T-MAP

HILLSBOROUGH COUNTY, FLORIDA,
and DAVID GEE, Sheriff of Hillsborough
County, Florida, in his official capacity,

                  Defendants.
_____/

## ORDER

Hillsborough County Ordinance 22-11, known as the "Simulated Gambling Device Ordinance," makes it unlawful for any person within the county to design, develop, or manage one or multiple simulated gambling devices. Plaintiffs are internet café operators who use game promotions for stimulating interest in products and services they offer for sale. Concerned that their promotions may run afoul of the ordinance, they filed the instant action against the Defendants for declaratory and injunctive relief claiming the ordinance violates their First and Fourteenth Amendment guarantees. Both the County and Sheriff Gee move to dismiss the complaint on different grounds. The

County makes a related Rule 12(b)(6) argument and a Rule 12(b)(1) jurisdictional attack claiming the Plaintiffs have failed to allege any "injury in fact"; the Sheriff argues per Rule 12(b)(6) that the complaint fails to state a cause of action against him. *See* docs. 10, 11. After consideration, the motions are denied.[1]

*A. Standards*

Although the County's motion to dismiss cites both Rules 12(b)(1) and 12(b)(6), its arguments are probably better suited to Rule 12(b)(1) as the County essentially makes a facial challenge to the Court's subject matter jurisdiction.[2] But the labeling is not particularly meaningful as the applicable standard of review under Rules 12(b)(1) and 12(b)(6) are the same. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (a Rule 12(b)(1) facial challenge applies a Rule 12(b)(6) perspective); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (a facial attack requires the court to accept plaintiff's allegations as true and determine if the complaint sufficiently alleges a basis for subject matter jurisdiction). Thus, as to the County's and the Sheriff's motions to dismiss, the complaint's factual allegations are taken as true and construed in the light most favorable to the Plaintiffs. *Reese v. Ellis,*

---

[1] The parties have consented to my jurisdiction. *See* 18 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

[2] Motions to dismiss on grounds of an "injury in fact" implicate constitutional standing principles and are therefore predicated upon Rule 12(b)(1) rather than Rule 12(b)(6). *See Harold H. Huggins Realty, Inc. v. FNC, Inc.* 634 F.3d 787, 795 n. 2 (5th Cir. 2011); *Maio v. Aetna, Inc.*, 221 F.3d 472, 481 n.7 (3rd Cir. 2000).

*Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215 (11th Cir. 2012). But the Plaintiffs must state a facially plausible claim for relief, one that includes factual content that "allows the [C]ourt to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." *Id.* (quotations and citations omitted).[3]

### B. Facts

Plaintiffs' internet cafés are located throughout Hillsborough County and engage in the sale of long distance calling cards, internet access time, and provide printing, faxing, and copying services (doc. 7 at ¶ 16).[4] To promote sales and stimulate customer interest, Plaintiffs offer sweepstakes whereby customers can win prizes, either through receipt of free entries or through entries awarded in proportion to the amount a customer pays for a calling card (doc. 7 at ¶ 17). While the complaint does not spell out all the intricacies of the sweepstakes operation, winners receive a "game reveal" on a computer using graphic icons, animations, and casino games (doc. 7 at ¶ 30).

In late 2011, Hillsborough County enacted Ordinance Number 11-22 (doc. 7-1) aimed at regulating "simulated gambling devices," which is defined as "any device that, upon connection with an object, is available to play or operate a computer simulation of any game, and which may deliver or entitle the person or persons playing or operating the

---

[3] This examination of the complaint extends to the exhibits the Plaintiffs attached to the complaint. *Reese*, 678 F.3d at 1215-16.

[4] The first amended complaint (doc. 7) is the operative pleading, and my use of the term, "complaint," refers to the first amended complaint.

device to a payoff." *See* doc. 7-1 at § 3(b). A violation can result in a misdemeanor conviction (up to a $500 fine and 60 days in jail), a code-enforcement action, or a civil suit for damages or equitable relief. *Id.* at § 9. Notably, the County patterned its ordinance after Seminole County's effort.[5] Given that Seminole County has already enforced its ordinance against businesses like the Plaintiffs, the Plaintiffs "reasonably believe that similar enforcement efforts against them, and those similarly situated to them, are imminent." *See* doc. 7 at ¶ 41. Indeed, Sheriff Gee has issued letters to internet café operators, including the Plaintiffs, warning them of potential enforcement efforts. *Id.* at ¶ 42.

  *C. Discussion*

    *1. the County's motion to dismiss*

  Based on its reading of the complaint, the County seemingly constructs this syllogistic theme: the ordinance requires the payment of consideration; the Plaintiffs' sweepstakes do not require the payment of consideration; therefore, the Plaintiffs' games do not violate the ordinance. Unable to state a viable claim for relief (the Rule 12(b)(6) part of their motion) or allege an "injury in fact" (a standing argument per Rule 12(b)(1)), the logical consequence is that the complaint should be dismissed. The reasonableness of

---

  [5] The Seminole County ordinance is the subject of a similar constitutional attack in this district's Orlando division. *Allied Veterans of the World, Inc.: Affiliate 67 et al. v. Seminole County, Florida*, Case No. 6:11-cv-155-Orl-28GJK. Indeed, lead counsel for the Plaintiffs in the instant action represents the intervenors in the Orlando division matter.

the County's readings of the complaint and the ordinance, which is at the heart of its major premise, fails to withstand Rule 12(b)(6)'s perspective.

The complaint, as the Plaintiffs note, clearly states that Plaintiffs "conduct 'Game Promotions' pursuant to Chapter 849.094, *Fla. Stat.* (2011), whereby customers receive sweepstakes entries which allow them the chance to win prizes. Customers receive free chances in accordance with the amount of long distance phone time the customers purchase. Customers can *also* obtain free chances *without any purchase* of products or services." *See* doc. 7 at ¶ 17 (emphasis added). In short, the County's reading of the complaint is misplaced, and its arguments, as a result, fail.[6]

Some further comments are warranted about the County's arguments. This case is a pre-enforcement action. Neither the County nor the Sheriff has taken action against the Plaintiffs, other than the Sheriff's written admonishment (doc. 7-2). This posture implicates two jurisdictional principles which often converge in these types of cases: standing (which is what the County's injury-in-fact argument is about) and ripeness (which relates to the timing of this action, a matter that parties do not bring up). *Elend v. Basham*, 471 F.3d 1199, 1204-05 (11th Cir. 2006) (discussing standing and ripeness in

---

[6] The County should be mindful that its apparent reading of the complaint, taken in juxtaposition to the ordinance, is not without potential consequences, even if those consequences are unintended. The doctrine of equitable estoppel precludes a litigant (*e.g.,* the County) from maintaining inconsistent positions on the same matter in a subsequent lawsuit (*e.g.,* against a Plaintiff in a prosecution or in an enforcement action). *J. Schnarr & Co. v. Virginia-Carolina Chemical Corp.*, 159 So. 39, 41 (Fla. 1935); *see also Castro v. Miami-Dade County Code Enforcement,* 967 So.2d 230, 233-34 (Fla. 3d DCA 2007) (applying doctrine of equitable estoppel in a code-enforcement setting).

pre-enforcement cases). For standing, the Plaintiffs must allege sufficient facts in the complaint demonstrating each is a proper party to invoke judicial resolution of the dispute and the exercise of the Court's remedial power. In turn, the Court's consideration of this proffer must take into account two strands of the standing analysis – the constitutional limits of federal-court jurisdiction and the prudential aspects of its exercise. *Id.* at 1205-06. Only the former is arguably at issue here, and to meet its requirements, the Plaintiffs must show injury in fact, causation, and redressability. *Id.* at 1206 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).[7]

The Plaintiffs satisfy these prerequisites as their injury in fact is their well-founded fear that they may be prosecuted for engaging in allegedly protected activity. *GeorgiaCarry.Org, Inc. v. State of Georgia*, __ F.3d __, 2012 WL 2947817 at *2 (11th Cir. July 20, 2012). And they have shown there is "a realistic danger of sustaining direct injury as a result of the [ordinance's] operation or enforcement." *Id.* at *3 (citations and quotations omitted). These same reasons apply equally for determining ripeness, which considers the "hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision." *Elend*, 471 F.3d at 1211 (citation omitted). Therefore,

---

[7] Prudential standing requires a plaintiff show: its allegations fall with the "zone of interests" protected by the constitutional provision at issue; the issue to be decided is not just some abstract question or generalized grievance better addressed by the legislative branch; and it is asserting its own legal rights and interests as opposed to those of others. *Mulhall v. Unite Here Local 355*, 618 F.3d 1279, 1290 (11th Cir. 2010). To satisfy the "zone of interests," a plaintiff must demonstrate more than a "marginal" relationship exists between the claimed interest and those protected by the constitutional provision. *Id.* (citations omitted).

to the extent the County's motion presents these standing questions, the motion is denied.

### 2. *the Sheriff*

I read the Sheriff's motion to say that the complaint should be dismissed for failure to state a cause of action because the County is the proper party to defend the constitutionality of the ordinance; he is not as he only enforces it. And to that end, when he enforces it, he is entitled to immunity from liability. Besides, all this is too hypothetical and speculative to warrant injunctive relief against him. His warning letter, he argues, predates the ordinance's enactment and, therefore, does not lend support to the Plaintiffs' claim of a realistic threat of prosecution. In sum, much of what the Sheriff complains about is being sued at the pre-enforcement stage.

To the extent that the Sheriff's arguments can be interpreted as a jurisdictional attack, my reasons for denying the County's motion apply equally here. And to the extent the Sheriff is contending he is not a proper party at this stage, I find his arguments unpersuasive. As the Plaintiffs note, they are seeking injunctive relief (not preliminary injunctive relief as the Sheriff's motion suggests). Moreover, the Sheriff offers no legal support for some sort of pre-enforcement immunity cloak, if that is what he seeks. Florida Sheriffs are not arms of the state and do not act as such when enforcing a county's ordinance. *Abusaid v. Hillsborough County Bd. of County Com'rs*, 405 F.3d 1298, 1304 (11th Cir. 2005).

### D. *Conclusion*

For the reasons stated, the County's and Sheriff Gee's motions to dismiss the first

amended complaint (docs. 10, 11) are denied.

        IT IS SO ORDERED in Tampa, Florida on August 13, 2012.

                                                  MARK A. PIZZO
                                                  UNITED STATES MAGISTRATE JUDGE

cc:    counsel of record